McDonald, j.
|20n January 7, 2008, Hebert Dougia, Jr., a carpet installer, filed a disputed claim for compensation against his employer, Best Buy Carpet and Flooring (Best Buy Carpet). Mr. Dougia asserted that on November 2, 2007, while working on a job at a residential home in East Baton Rouge Parish, he injured his lower back while moving a dresser. He also contended that approximately one and one-half weeks later, he bent down to start cutting carpet and injured his back again. He asserted that he was disabled as a result of the two accidents, and was thus entitled to workers’ compensation benefits. Mr. Dougia asserted that no wage benefits had been paid and no medical bills had been paid other than an initial visit with Dr. Tsaza. Mr. Dougia asked for penalties and attor *1051 ney fees. Best Buy Carpet disputed all aspects of Mr. Dougia’s claim.
A trial on the matter was heard on April 21, 2010. Thereafter, the Office of Workers’ Compensation (OWC) Judge issued a ruling, finding that Mr. Dougia had sustained an injury to his lower back in the course and scope of his duties as an employee of Best Buy Carpet on November 5, 2007 and November 12, 2007. The OWC Judge found that Mr. Dougia’s injuries, disabilities, and need for medical treatment were causally related to the accidents, and awarded Mr. Dougia supplemental earnings benefits, medical expenses, and ongoing medicál treatment, penalties of $2,000 for failure to pay medical benefits, penalties of $2,000 for failure to pay indemnity benefits, and $10,000 for attorney fees. The judgment was signed on May 3, 2010.
Best Buy Carpet filed an appeal from that judgment. Mr. Dougia filed an answer to the appeal, asking for attorney fees for responding to the appeal. Best Buy Carpet filed a motion to dismiss Mr. Dougia’s answer to the appeal, asserting that it was untimely. The motion to dismiss was referred to this panel, to be decided with the merits of the appeal.
| .THE MOTION TO DISMISS THE ANSWER TO THE APPEAL
An answer to an appeal must be filed no later than fifteen days after the return date or lodging of the record, whichever is later. La. C.C.P. art. 2133. The record shows that the return date was December 3, 2010 and the record was lodged on January 14, 2011. Using the rules for computation found in La. C.C.P. art. 5059, the fifteen-day period lapsed on Saturday, January 29. The time period cannot end on a holiday, thus, the period rolls over to the next date that is not a legal holiday. La. C.C.P. art. 5059. Thus, the fifteen-day time delay ended on Monday, January 31, 2011, and the answer to the appeal, filed on February 1, 2011, was untimely. Therefore, the motion to dismiss the answer to the appeal is granted.
THE APPEAL
Best Buy Carpet makes five assignments of error, asserting that the OWC Judge committed manifest error in concluding that Mr. Dougia sustained his burden of proving an accident arising out of and in the course of employment as a contractor with Best Buy Carpet on November 5, 2007; the OWC Judge manifestly erred in concluding that Mr. Dougia sustained his burden of proving an accident arising out of and in the course of his employment with Best Buy Carpet on November 12, 2007; the OWC Judge committed manifest error in awarding Mr. Dougia supplemental earnings benefits, and awarding SEBs at the full temporary total disability indemnity rate; the OWC Judge committed manifest error in the calculation of Mr. Dougia’s average weekly wage; and, the OWC Judge abused his discretion by not strictly construing the penalty provisions of the Louisiana Workers’ Compensation Act in imposing penalties and attorneys fees against Best Buy Carpet.
14ASSIGNMENTS OF ERROR NOS. 1 AND 2
Best Buy Carpet asserts that the OWC Judge manifestly erred in concluding that Mr. Dougia sustained his burden of proving an accident arising out of and in the course of employment with Best Buy Carpet on November 5, 2007 and November 12, 2007. The OWC Judge, in his oral reasons for judgment, noted that it carefully considered Mr. Dougia’s credibility. The OWC Judge expressly stated that he observed Mr. Dougia’s facial expressions, his composure, his demeanor, the way he *1052 answered the questions, the tone of his voice, his mannerisms, and his reaction to the questions, and, in the end, determined that Mr. Dougia was credible. Further, testimony at. trial revealed that the work book presented into evidence was a job assignment book, not an attendance record, and that jobs often ran over. The OWC Judge determined that, based upon the evidence presented at trial, Mr. Dougia proved that he was injured in the course and his employment with Best Buy Carpet on November 5 and November 12, 2007. After a thorough review of the record, we find no manifest error in the OWC Judge’s determination that Mr. Dougia was injured on November 5 and November 12, 2007, in the course of his employment with Best Buy Carpet.
ASSIGNMENT OF ERROR NO. 3
In this assignment of error, Best Buy Carpet asserts that the OWC Judge committed manifest error in awarding Mr. Dougia supplemental earnings benefits, and in- awarding SEBs at the full temporary total disability indemnity rate, when the OWC Judge found that Mr. Dougia had been involved in self-employment for some time and continued to perform that self-employment. Best Buy Carpet asserts that Mr. Dougia was not considered disabled for purposes of workers’ compensation due to his self-employment.
A similar case is found in Phillips v. United Parcel Service, 28,110 (La.App. 2 Cir. 2/28/96), 669 So.2d 1375. In that case, the claimant had two jobs. He |sworked at a strenuous job for UPS and had a light-duty job at a bank. After he was injured at the UPS job, he could not do the UPS job but could continue to work at the bank. The claimant made more at the bank than at the UPS job, and UPS refused to pay supplemental, earnings benefits. The Second Circuit reasoned that the claimant’s bank wages must be included in both the pre-accident and post-accident SEB wage comparison, or not included at all.
In the case at hand, the OWC Judge did not include Mr. Dougia’s side job earnings in the .pre-accident or post-accident SEB wage comparison. We cannot say that the OWC Judge committed manifest error in doing so.
ASSIGNMENT OF ERROR NO. 4
In this assignment of error, Best Buy Carpet asserts that the OWC Judge committed manifest error in the calculation of Mr. Dougia’s average weekly wage. Louisiana Revised Statutes 23:1021(12)(d) provides that if the employee is employed on a unit, piecework, commission, or other basis, his gross earnings from the employer for the twenty-six week period immediately preceding the accident are divided by the number of days the employee actually worked for the employer during said twenty-six week period and multiplied by the average number of days worked per week; however, if such an employee has worked for the employer for less than a twenty-six week, period immediately preceding the accident, his gross earnings from the employer for the period immediately preceding the accident are divided by the number of days the employee actually worked for the employer during said period, and multiplied by the average number of days worked per week. ,
Mr. Dougia was paid $3.50 per yard, of which he paid $1.00 per yard to his helper, resulting in a $2.50 per yard payment. The OWC Judge found the documentation was insufficient to determine the actual number of days Mr. Dougia worked during the 26 week period preceding his- November 12, 2007 accident. RThus, he calculated the average weekly wage by dividing the $8,190.00 Mr. Dougia earned during the period by 26 weeks, for an average *1053 weekly wage of $315.00. Best Buy Carpet contended that Mr. Dougia earned $8,246.13 during the 26 week period preceding his accident, and that the Best Buy work book supported him working 46 days during this 26 week period. However, testimony at trial revealed that the work book was a job assignment record, not an attendance record, and thus was not accurate as to the number of days Mr. Dougia worked. After a thorough review of the record, we cannot say that the OWC Judge committed manifest error in its calculation of Mr. Dougia’s average weekly wage.
ASSIGNMENT OF ERROR NO. 5
In this assignment of error, Best Buy Carpet asserts that the OWC Judge erred by not strictly construing the penalty provisions of the Louisiana Workers’ Compensation Act in imposing penalties and attorneys fees against Best Buy Carpet. Whether an employer’s refusal to pay workers’ compensation benefits warrants the imposition of penalties and attorney’s fees is a factual question which will not be disturbed on appeal in the absence of manifest error. The assessment of penalties is determined by inquiring whether the employer or its insurer has “reasonably controverted” the compensation claims. Wilson v. St. Mary Community Action, 00-2106 (La.App. 1 Cir. 12/28/01), 803 So.2d 1106,1112. After a thorough review of the record, we cannot say that the OWC Judge was manifestly erroneous in assessing penalties in this case. Costs are assessed against Best Buy Carpet.
MOTION TO DISMISS THE ANSWER TO THE APPEAL GRANTED; JUDGMENT AFFIRMED.